IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LANGUAGE ACCESS NETWORK

    Plaintiff,

    v.

CULTURALINK, et al.,

    Defendants.

Case No. 2:19-cv-194
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

This matter is before the Court on three motions to seal; one filed by Plaintiff (Doc. 53), one was filed by Defendant (Doc. 65), and one was filed jointly (Doc. 72). The Motions are unopposed. For the following reasons, they are **GRANTED IN PART AND DENIED IN PART**.

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at

305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

II.  **DISCUSSION**

    A.  **Plaintiff's Motion to File Document Under Seal (Doc. 53)**

Plaintiff moves to file under seal Exhibit A to Andy Panos's affidavit, which is Exhibit BB to the motion for summary judgment (Doc. 50). (Doc. 53 at 1). This motion was filed on

September 27, 2021, and is unopposed. Exhibit A "is a single page from Plaintiff's Sales Force software which tracks work activity for various customers by each employee, which in this case is Defendant Pastore." (*Id.* at 2). The exhibit shows a list of Plaintiff's customers that is not public knowledge. (*Id.*). "Plaintiff introduces this document to prove that Defendant Pastore had dealings with one of its customers, Catholic Health Hospitals, while he was employed at [Defendant Language Access Network]." (*Id.*). Plaintiff argues that sealing this exhibit is necessary because it is a confidential customer list. (*Id.* at 3). Plaintiff states that it "takes affirmative steps to protect the confidentiality of its customer lists[,]" including using password protected software that is only available to authorized employees, having employees sign confidentiality agreements, training employees concerning confidential or trade secret matters, and designating this list as "Confidential, Attorney's Eyes Only" during discovery. (*Id.* at 3–4).

The need to protect trade secrets can overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308. Customer lists can be trade secrets. *SKF USA Inc v. Zarwasch-Weiss*, No. 1:10-CV-1548, 2011 WL 13362617, at *16 (N.D. Ohio Feb. 3, 2011) (citing *Avery Dennison Corp. v. Kitsonas*, 118 F. Supp. 2d 848 (S.D. Ohio 2000)). *See also ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 428 (M.D.N.C. 2011) (granting seal of customer lists because they are trade secrets); *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (same). The Court finds that Plaintiff has a compelling reason to seal the customer list in Exhibit A, especially given the efforts to keep the list confidential. Yet, the public has a right to know the information pertaining to Defendant Pastore's involvement with Catholic Health Hospitals because it aids in understanding the dispute. *See Kondash,* 767 F. App'x at 637 (citing *Shane Grp.*, 825 F.3d at 305). Thus, the sealing of the entire document is not narrowly tailored. Accordingly, Plaintiff is permitted to redact information in the

customer list that does not pertain to Defendant Pastore's involvement with Catholic Health Hospitals or CHI matters.

The seal of Exhibit A is **GRANTED IN PART, DENIED IN PART**. Plaintiff is **ORDERED** to file a redacted version of Exhibit A consistent with this Opinion and Order by **November 15, 2021**.

**B.     Defendant's Motion to File Document Under Seal (Doc 65)**

Defendant requests the Court grant Plaintiff leave to file exhibits in support of Plaintiff's Memorandum Contra Defendant's Motion for Summary Judgment (Doc. 59) under seal. (Doc. 65 at 1). This motion was filed on October 18, 2021 and is unopposed. Defendant represents that public disclosure of this confidential financial information would put them at a disadvantage with competitors. (*See* Doc. 65).

This Court has recognized that companies have a compelling interest in protecting confidential information when disclosure on the public docket would "give a significant advantage to competitors of the parties in this action." *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020); *see also Lucid Health, Inc. v. Premier Imaging Ventures*, LLC, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021). Defendants have met the burden to justify sealing these documents, which contain pricing projections, profit margins, internal expenses, and investment amounts. Further, Defendants proposed redactions are narrowly tailored, removing only the dollar amount or the few sentences discussing financial conditions or projections. Finally, the public has a lesser interest in viewing this confidential financial because it is not needed to understand the events giving rise to the dispute or the arguments in the case. *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 6110569, at *3 (S.D. Ohio Oct. 16, 2020).

4

Accordingly, the Court **GRANTS** Plaintiff leave to file under seal exhibits KK (ex. 166), RR (ex. 148), and UU (79873) to Plaintiff's Memorandum Contra Defendant's Motion for Summary Judgment.

### C. Joint Motion to File Documents Seal. (Doc. 72).

The parties jointly move to file under seal various documents containing confidential financial information. (Doc 72). Again, Defendant represents that public disclosure of confidential financial information would put them at a disadvantage with competitors. (Doc. 72 at 4–5). The Court agrees with the parties on some, but not all, of the documents proposed to be sealed.

As previously stated, protecting financial information that would put a party at a competitive disadvantage is a compelling reason to seal. *See Total Quality Logistics, LLC*, 2020 WL 5849408, at *2; *Lucid Health, Inc*, 2021 WL 128956, at *2. Because there is a compelling reason that outweighs the public interest and the proposed redactions are narrowly tailored, the Court **GRANTS** the Joint Motion to Seal for the following documents:

- Page 4 of Defendants' Motion for Summary Judgment (Doc. 52, PageID 787);
- Pages 3-5 of Plaintiff's Memorandum Contra Defendants' Motion for Summary Judgment (Doc. 61-1, PageID 1514-16);
- Pages 15-17, 19 of Exhibit A to Defendants' Motion for Summary Judgment (Doc. 52-1, PageID 834-36, 838); and
- Pages 10-11, 31-32, 38 of Exhibit B to Defendants' Motion for Summary Judgment (Doc. 52-2, PageID 882-83, 903-04, 910)

Upon review of the other documents, exhibit 235, exhibit 240, and the Gordon deposition transcript, the Court finds that the proposed seals do not overcome the high bar set by the Sixth Circuit in *Shane Group, Inc.*, 825 F.3d at 305. For exhibits 235 and 240 to both Exhibit C and D to Defendants' Motion for Summary Judgment the request to seal is not narrowly tailored. After reviewing these documents, the Court concludes that there is no compelling reason to seal much

5

of the information contained in the eighty-nine total pages. So, narrow redactions are more appropriate. Thus, the seal of Exhibits 235 and 240 is **DENIED without prejudice**. Parties are **ORDERED** to file more narrowly tailored redactions to Exhibits 235 and 240 along with a motion in support of those redactions for the Court's consideration by **November 15, 2021**.

As for the proposed seal of Richard Gordon's deposition transcript, pages 73–74 and 177–81, the Court finds the motion deficient because it is unclear what the parties propose to redact—a redacted version was not provided by the parties and could not be found on the docket. Without proposed redactions, the Court cannot perform its role to determine if there is a compelling reason supporting seal or if it is narrowly tailored. Thus, the motion to seal Richard Gordon's deposition transcript (pages 73–74 and 177–81) is **DENIED without prejudice**. The parties are **ORDERED** to file proposed redactions to this transcript along with a motion in support of those redactions for the Court's consideration by **November 15, 2021**.

### III. CONCLUSION

For the above reasons, Plaintiff's Motion to File Document Under Seal (Doc. 53), Defendant's Motion to File Document Under Seal (Doc 65) and parties' Joint Motion to File Documents Seal (Doc. 72) are **GRANTED IN PART AND DENIED IN PART**. Consistent with this opinion and order, Plaintiff and Defendant are **ORDERED** to file revised proposed redactions along with supporting motions by **November 15, 2021**.

IT IS SO ORDERED.

Date:  November 8, 2021                     /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE

6