IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LANGUAGE ACCESS NETWORK

      Plaintiff,

    v.

CULTURALINK, et al.,

      Defendants.

Case No. 2:19-cv-194
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**OPINION & ORDER**

This matter is before the Court on a renewed joint Motion to Seal (Doc. 76). This motion is responsive to the Court's previous Opinion and Order (Doc. 75), which denied without prejudice the seal requested for exhibit 235, exhibit 240, and Richard Gordon's deposition transcript pages 73–74 and 177–81. For the following reasons, the renewed Motion is **GRANTED**.

**I.  STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at

305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

II. **DISCUSSION**

The parties jointly "request that the Court permit them to file un-redacted versions of the following documents under seal and redacted versions with the Clerk:" exhibit 235, exhibit 240, and pages of Richard Gordon's deposition transcript. (Doc. 76). The parties represent that

disclosure on the public docket of this private information would put Defendants at a competitive disadvantage. (Doc. 76 at 4). Previously, in an Opinion and Order (Doc. 75), the Undersigned denied without prejudice the seal of these documents because the motion did not meet the Sixth Circuit's high bar for sealing. The parties have now submitted more narrowly tailored redactions for the Court's consideration.

This Court has recognized that companies have a compelling interest in protecting confidential information when disclosure on the public docket would "give a significant advantage to competitors of the parties in this action." *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020); *see also Lucid Health, Inc. v. Premier Imaging Ventures*, LLC, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021). The parties have met the burden to justify sealing these documents, which "contain financial trade secret information relating to the amounts of Catholic Health Initiatives' investments in Defendant CulturaLink, as well as CulturaLink's revenues, expenses, and profit margins." (Doc. 76 at 4). Furthermore, the proposed redactions are narrowly tailored. Lastly, the public has a lesser interest in viewing this confidential financial because it is not needed to understand the events giving rise to the dispute or the arguments in the case. *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 6110569, at *3 (S.D. Ohio Oct. 16, 2020). Accordingly, the motion is **GRANTED**.

### III. CONCLUSION

For the above reasons, the Court **GRANTS** the parties' joint Motion for Leave to File Documents Under Seal (Doc. 76).

IT IS SO ORDERED.

Date: November 15, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE